**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**CHANDRA MANDISA LOWRANCE,**

***Plaintiff,***

**v.**

**TWITCH INTERACTIVE, INC.,**

***Defendant***

**Civil No.: 1:25-cv-01890-JRR**

**ORDER**

Pending now before the court are *pro se* Plaintiff's motions at ECF Nos. 11, 12, 21, 25, 29, 13, 35, 43, 44, 45, 50, 52, 63, and 71 in which she seeks various forms of relief.[1] The court has reviewed all papers. Local Rule 105.6 (D. Md. 2025).

**1. Motions Regarding E-Filing**

Plaintiff has filed a number of motions related to her e-filing access and use of the court's CM/ECF system (or PACER for litigants). (ECF Nos. 21, 29, 43, 44.) The court addresses each.

Plaintiff's motion at ECF No. 21 seeks access to e-filing.[2] The court's Electronic Document Submission System ("EDSS") is presently available to Plaintiff, and she has accessed and used same with apparent facility. Should Plaintiff have any questions about EDSS, she may call or visit the Clerk's Office. Information about the court's EDSS system is also available here: https://www.mdd.uscourts.gov/content/electronic-document-submission-system-edss. The docket further shows that, on or around June 17, 2025, Plaintiff consented to receive notice and service

[1] Since this case was removed on June 11, 2025, Plaintiff has filed numerous papers, with at least 27 motions and nine notices seeking various forms of relief. She has labeled many of these motions as "emergencies." As the court has stated in its previous orders (ECF Nos. 39, 47), the court has reviewed each motion at the time of filing to assess for emergency circumstances. Simply asserting a motion is an emergency does not make it so. The court appreciates Plaintiff's eagerness for a ruling; however, she is not entitled to emergency relief simply because of that.

[2] In the alternative, Plaintiff seeks remand. As the court has addressed previously and will repeat throughout this order, consideration of whether Defendant's removal to this court was proper is best addressed by way of her motion seeking remand. Accordingly, to the extent the motion at ECF No. 21 is based on same, it is denied.

electronically. Accordingly, to the extent Plaintiff seeks access to EDSS, the motion will be denied.[3]

Plaintiff further moves the court to compel access to CM/ECF in particular. (ECF No. 29.) She asserts three bases for the motion: first, that she is guaranteed a right to e-file by Federal Rule of Civil Procedure 5(d)(3)(B); second, the Maryland rules require e-filing in the state court; and third, the court's EDSS is insufficient. No asserted basis supports Plaintiff's requested relief.

First, the referenced language of Federal Rule of Civil Procedure 5 does not provide *pro se* litigants a right to file via CM/ECF. Indeed, it provides:

> (B) *By an Unrepresented Person* —When Allowed or Required. A person not represented by an attorney:
> (i) may file electronically only if allowed by court order or by local rule; and
> (ii) may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions.

FED. R. CIV. P. 5(d)(3)(B).

Second, the cited Maryland rule is inapplicable here to the federal court's filing procedures. Further, the cited rule has no applicability to the court's CM/ECF system and Plaintiff may, and has, utilized e-filing via the court's EDSS system.

Third, while the court appreciates Plaintiff's frustration that her filings were not immediately available on the docket due to the administrative task of docketing same, her complaints are not well-founded. Plaintiff's filings are docketed as of the date they were submitted, not the date they appear on the docket. Stated differently, any delay has not impeded her access to the court system or resulted in untimely filings. As this court has repeatedly expressed, Plaintiff's access to filing has never been restricted. She is free to file via EDSS or by

[3] To the extent the motion at ECF No. 21 is based on purported improper removal, her remand motion will be addressed separately, as the court has stated repeatedly throughout the short history of this case and in this order. The motion at ECF No. 21 is therefore denied on that basis.

submitting documents in person with the Clerk's Office. She has also always been free to call the Clerk's Office with questions. The motion at ECF No. 29 will be denied.

Plaintiff also filed her "Emergency Petition for Writ of Mandamus to Compel Remand and Judicial Review of Clerk Obstruction" pursuant to the All Writs Act, 28 U.S.C. § 1651(a). (ECF No. 43.) As she has not initiated a mandamus action, the court construes this petition as a motion for the relief requested therein. Plaintiff's arguments regarding the Clerk's Office are, again, not persuasive; she has not been denied access to e-filing or the Clerk's Office. The court is further unable to discern why the All Writs Act would be the proper mechanism for addressing same in the instant case which has nothing to do with the Clerk's Office.[4] The motion at ECF No. 43 will similarly be denied.

Finally, Plaintiff filed her "Motion for Judicial Compliance Review and Protective Filing Order" at ECF No. 44,[5] in which she seeks judicial notice of EDSS access issues, mandatory judicial disclosure of conflicts, a Clerk's Office certification of an "all proceedings record" and "no missing transcripts," and expedited remand review.[6] As of the date of this order, the court is unaware of any documents that have not been filed on the docket, excepting those that were duplicative or subject to a return document order. Moreover, there have been no hearings or transcripts in this matter since Defendant removed it, so the court discerns no filing issues related

---

[4] The petition at ECF No. 43 also seeks remand. Plaintiff offers no explanation as to why the All Writs Act provides a proper basis for remand of this action; and this argument is once again more properly addressed by way of her motion for remand. The petition at ECF No. 43 is therefore denied on that basis.

[5] Plaintiff states herein that the instant motion at ECF No. 44 "replaces all prior requests to avoid multiplicity." While the court appreciates Plaintiff's intention, her vague assertion does not specify which motions were subsumed by this request. Indeed, a large number of motions, seeking relief not at issue therein, were filed prior to ECF No. 44. Accordingly, the court will continue to consider each motion as filed.

[6] As this court has explained, it has no conflict of interest in this case and is unencumbered by any circumstance creating bias or partiality in the matter before it; and no condition exists that would suggest an appearance of same. To the extent Plaintiff seeks relief related to same, the motion is denied.

to same. As far as the court is aware, the docket is up-to-date. This motion at ECF No. 44 will therefore also be denied.

**2. Motion for Default Judgment**

Plaintiff also moves for default judgment (ECF No. 34) based on the following reasons—Defendant's purportedly fraudulent removal, spoliation of evidence, refusal to settle, and Clerk's Office obstruction. No basis warrants default judgment. Plaintiff's challenge to removal is more properly addressed by way of her motion for remand, which the court will rule on separately. Any relief for a purported discovery violation is premature; moreover, the asserted evidence does not persuade the court of such a violation. Defendant is under no obligation to settle this action with Plaintiff, and there is no bad faith in declining to do so. Finally, as it has previously explained, the court discerns no issue with any minimal delay in docketing. If Plaintiff has filed any additional documents that were not duplicative of filings already made or subject to return document orders by the court and are not currently on the docket, Plaintiff should contact the Clerk's Office by telephone or in person. In any event, the complained-of administrative delay in docketing by the Clerk's Office does not warrant default judgment against Defendant.

**3. Motions to Strike**

Plaintiff similarly files multiple motions to strike (ECF Nos. 12, 25, 35, 52, 71). The court addresses each below. As an initial matter, Federal Rule of Civil Procedure 12(f) provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

FED. R. CIV. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation modified).

In two of her motions, Plaintiff moves to strike Defendant's various papers because she disagrees with Defendant's position or assertions, argues that Defendant's assertions are misleading, and contends that Defendant's opposition was filed in bad faith. (ECF Nos. 12 and 71). Even assuming Rule 12(f)'s applicability, Defendant's papers are neither redundant, immaterial, impertinent, nor scandalous. That Plaintiff disagrees with them is the stuff of litigation. It does not warrant the disfavored remedy of striking a filing. The motions at ECF Nos. 12 and 71 will therefore be denied.

Plaintiff further files two motions to strike the Rule 12/56 Notice provided to her by the Clerk's Office. (ECF Nos. 35, 52). The Notice speaks for itself. It is not a ruling; it is not a motion; it is a notice that Defendant filed a motion that sought dismissal of her Complaint. It alerts Plaintiff as to her time to file a response. It is not in conflict with the court's previous orders. The motions at ECF Nos. 35 and 52 will therefore be denied on that basis.[7]

Finally, Plaintiff filed a motion to strike any anticipated defenses by Defendant. (ECF No. 25.) This motion is premature. A challenge to a defendant's defense is properly raised after such defense has been asserted, not before. The court does not grant a motion, such as this, that seeks relief in the hypothetical. The motion at ECF No. 25 will therefore be denied.

---

[7] To the extent the motion at ECF No. 52 raises challenges to Defendant's motion to compel arbitration and for dismissal, such arguments are properly addressed by resolution of that motion, not by filing a motion for judicial notice of her argument. The motion at ECF No. 52 will therefore be denied on that basis.

**4. Motion Seeking Reconsideration**

Plaintiff asks this court to vacate its prior denials of her motions and return document orders. (ECF No. 45.) Federal Rule of Civil Procedure 54(b) provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). "[A] court should revise an interlocutory order only to account for '(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *Sammons v. McCarthy*, 606 F. Supp. 3d 165, 179 (D. Md. 2022), *appeal dismissed,* No. 22-1642, 2023 WL 3002738 (4th Cir. Apr. 19, 2023) (quoting *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 256 (4th Cir. 2018)). "[A]llowing litigants a 'second bite at the apple' via a motion to reconsider is disfavored." *Nadendla v. WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022); *Neal v. United States*, 599 F. Supp. 3d 270, 310 (D. Md. 2022) (same).

It is plain that Plaintiff disagrees with this court's orders. However, her challenges under the Maryland Rules are inapplicable here. The court discerns no error in its prior rulings. Further, the return document orders were proper as administrative management of the court's docket. The documents filed were not appropriate for the docket in this case—the first concerned a filing related to the Clerk's Office at the Eastern District of Virginia, which is not at issue in this case; the second concerned Plaintiff's settlement offers in contravention of Federal Rule of Civil Procedure 68(b); and the third were notifications to opposing counsel about how she intended to proceed in litigation. None of the aforementioned documents are proper filings for the docket and they were returned accordingly.[8] The motion at ECF No. 45 will therefore be denied.

[8] Again to the extent Plaintiff challenges removal, the arguments are more properly addressed by way of her motion for remand. The motion at ECF No. 45 will be denied on that basis.

**5. Motions Regarding the Docket**

Plaintiff moves to correct a docketing error, with the motion filed at ECF No. 50 and the purported docketing error at ECF No. 49. As the Clerk's Office has already corrected this, the motion at ECF No. 50 will be denied as moot.

Plaintiff also moves for the Clerk's Office to immediately docket a prior motion for judicial notice. (ECF No. 63.) The motion has been docketed and was docketed as of the date that it was filed. Therefore, the motion at ECF No. 63 will be denied as moot.

**6. Miscellaneous Complaints about the Clerk's Office and the Court**

Finally, in myriad filings, Plaintiff raises a number of general, overarching complaints—that the Clerk's Office is impeding her ability to file and that this court's treatment of her motions and her filings is unfair. To be clear, Plaintiff has maintained access to filing via EDSS at all times. She has always been able to contact the Clerk's Office by phone or in person. To be sure, occasional docketing mishaps happen, with counseled parties and non-counseled parties alike (especially in a case, like this, with a voluminous amount of filings in a short period of time). Such mishaps can be corrected simply by notifying the Clerk's Office of either her own error or a docketing error. In the range of Plaintiff's filings, the court discerns no impropriety on the part of the Clerk's Office. Moreover, the court understands that Plaintiff disagrees with the court's previous rulings, but that does not, in any way, demonstrate or suggest the court has subjected her to disparate treatment. The court reviewed the previous motions and denied them based on the merits.

Accordingly, it is this 11th day of July 2025,

**ORDERED** that Plaintiff's motions at ECF Nos. 12, 21, 25, 29, 35, 43, 44, 45, 52, and 71 shall be, and are hereby, **DENIED**; and further it is

**ORDERED** that Plaintiff's motions at ECF Nos. 50 and 63 shall be, and are hereby, **DENIED AS MOOT**.

/S/

Julie R. Rubin
United States District Judge