IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHANDRA MANDISA LOWRANCE,** *Plaintiff*, v. **TWITCH INTERACTIVE, INC.,** *Defendant* | Civil No.: 1:25-cv-01890-JRR |

## MEMORANDUM OPINION

Pending now before the court are *pro se* Plaintiff's "Emergency Motion to Remand and Request for Judicial Inquiry into State Court Irregularities" at ECF No. 11 (the "Remand Motion") and Defendant's "Motion to Compel Arbitration and Dismiss this Action" at ECF No. 13 (the "Motion to Compel"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

I.     BACKGROUND

On January 22, 2023, Plaintiff enrolled in Defendant's Monetized Streamer Program ("MSP"), a service that enables users to earn revenue from their streaming channels. (Young Decl., ECF No. 13-2 ¶¶ 2–4.)[1] To enroll in the program, Plaintiff accepted the Content License Agreement, which contains a mandatory arbitration provision that requires disputes between Plaintiff and Defendant to be resolved through binding arbitration. (Young Decl., ECF No. 13-2 ¶¶ 4 – 5; Ex. A, ECF No. 13-2 at p. 16.)[2] Less than six months later, Defendant revised the terms

---

[1] Plaintiff's Complaint at ECF No. 4 fails to allege facts in support of her claim; it merely identifies her legal claims, asserts alleged harm, and sets forth her demand. As explained *infra*, the court considers undisputed facts here provided by Defendant in support of its Motion to Compel. (Young Decl., ECF No. 13-2.) Notably, while Plaintiff certainly appears to challenge the legal conclusions offered by Defendant, she does not challenge the underlying facts as asserted.

[2] When citing to exhibits attached to the Young Declaration, the court uses the internal CM/ECF pagination.

and conditions of the MSP, and published the Monetized Streamer Agreement ("MSA"), which contains a mandatory arbitration provision similar to the Content License Agreement. (Ex. C, ECF No. 13-2 at p. 67.) The MSA expressly sets forth the terms governing arbitration and incorporates the JAMS Comprehensive Arbitration Rules and Procedures. *Id.* Under these rules, issues of arbitrability and jurisdiction are to be determined by the arbitrator. (Ex. D, ECF No. 13-2 at p. 78.) Defendant occasionally updates the MSA and publishes the updated version on its website. (Young Decl., ECF No. 13-2 ¶ 10.) Every version of the MSA—including the current version—has included a mandatory arbitration provision, and further provides that continued participation in the program for 30 days or more after any modification constitutes binding acceptance of the updated terms. *Id.* at ¶¶ 10–11. Plaintiff has continued to participate in the program. *Id.* at ¶ 12.

Plaintiff filed her Complaint in the Circuit Court for Baltimore City on April 22, 2025, Case No. C-24-CV-25-003121. (ECF No. 1-2 at p. 1.) Plaintiff's primary allegation is that Defendant is withholding advertising revenue to which she is entitled. (ECF No. 4 at p. 1.) She seeks relief in the form of $56.70 for unpaid ad revenue and interest; $229,200 in "lost expert-level time;" and $50,000 for reputational and emotional harm caused by Defendant. *Id.* On March 11, 2025, Plaintiff served the Summons and Complaint on Corporation Service Company—Defendant's registered agent. Defendant received the Summons and Complaint from its registered agent on March 12, 2025. *Id.* Defendant removed the case to this court on June 11, 2025, and Plaintiff filed her Remand Motion on June 17, 2025. (ECF Nos. 1 and 11.) The following day, Defendant filed its Motion to Compel. (ECF No. 13.)

II.     **REMAND MOTION**

The court first considers Plaintiff's Remand Motion. A matter may be removed from state court to federal court provided the United States district courts have original jurisdiction over the

action (*i.e.*, the action could have been initiated in the federal district court).  28 U.S.C. § 1441(a).  On a motion to remand, the removing party bears the burden of establishing federal jurisdiction.  *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 176 (4th Cir. 2017).  Removal jurisdiction raises "significant federalism concerns," *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)), and therefore federal courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."  *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted).  Under 28 U.S.C. § 1441, a defendant must file a notice of removal within 30 days of receiving the Complaint and Summons, and include in its notice of removal a statement of the grounds for removal as well as copies of any process, pleadings, and orders served upon the defendant.  Plaintiff does not challenge this court's jurisdiction.  Similarly, the court is satisfied that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000.[3]

Plaintiff's primary objection is that Defendant's removal was untimely.  *See, e.g.*, ECF No. 14.  Plaintiff is mistaken. As a general rule, the 30-day removal period under 28 U.S.C. 1446(b) begins when the defendant receives both the plaintiff's complaint and a properly served summons.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).  However, the Fourth Circuit has recognized an exception concerning statutory agents.  *See Gordon v. Hartford Fire Ins. Co.*, 105 F. App'x. 476, 480 (4th Cir. 2004) (quoting *Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 673 (S.D.W. Va. 2002)).  Instead, "[t]he time for removal begins when 'the

---

[3] While Defendant additionally invokes the court's subject matter jurisdiction on the basis of federal question, the court does not address that here in view of the fact that there are no facts in the Complaint to support a claim under the cited federal statute, 50 U.S.C. § 3931, which pertains to protection of servicemembers against default judgment.

defendant actually has received a copy of the complaint.'" *Id.* at 481 (quoting *Lilly*, 186 F. Supp. 3d at 673). As Defendant notes, this exception is relevant here. (ECF No. 68 at p. 2.) Corporation Service Company, Defendant's statutory agent, received the Complaint and Summons on May 11, 2025 but did not send the Complaint and Summons to Defendant until May 12, 2025. (ECF No. 4 at p. 1.) Consequently, the 30-day period did not begin until May 12, rendering Defendant's removal timely.

Plaintiff also asserts that Defendant's removal was improper in that Defendant failed to include several necessary documents. (ECF No. 11.) This court's Local Rule 103.5 provides that, in accordance with 28 U.S.C. § 1444(a), a party must file "true and legible copies of all process, pleadings, documents, and orders which have been served upon [it], along with a copy of the state court docket sheet." Defendant filed all process, pleadings, and orders as required by 28 U.S.C. § 1444(a). (ECF No. 1.) Local Rule 103.5 further provides that the removing party must, within 30 days, file "true and legible copies of all other documents then on file in the state court, together with a certification from counsel that all filings in the state court action have been filed." Within 30 days of removal, on June 25, 2025, Defendant filed its certification of state court documents and included with that all documents on file with the Circuit Court for Baltimore City in this action. (ECF No. 59.)

For the foregoing reasons, the court is persuaded that Defendant's removal was proper. The court will therefore deny Plaintiff's Remand Motion.[4]

---

[4] As Defendant explains in ECF No. 68, 28 U.S.C. § 1446 requires that a state court "proceed no further unless and until the case is remanded[,]" which explains why the case status is presently closed in the state court system. The court finds Plaintiff's allegations of *ex parte* communications between Defendant's counsel and state court personnel to be baseless and without merit. Accordingly, Plaintiff's request for judicial inquiry into state court irregularities, is also denied; further, the court is dubious it even has such authority were the court persuaded such inquiry were appropriate or necessary. (ECF No. 11.) Relatedly, Plaintiff's motion seeking to vacate a state court order based on same is denied; again here, the court is unpersuaded it even has such authority notwithstanding its determination that such relief is unwarranted in this instance. (ECF No. 14.)

### III. LEGAL STANDARD

"Arbitration is a matter of contract. The Federal Arbitration Act (FAA) . . . provides that arbitration contracts are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Mey v. DIRECTV, LLC*, 971 F.3d 284, 288 (4th Cir. 2020) (quoting 9 U.S.C. § 2). When a party who has agreed to arbitrate a dispute instead brings a lawsuit, the Federal Arbitration Act (FAA) entitles the defendant to file an application to stay the litigation. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 413 (2022).

As the United States Supreme Court has recently explained:

> The FAA was enacted in response to judicial hostility to arbitration. Section 2 of the statute makes arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As we have interpreted it, this provision contains two clauses: An enforcement mandate, which renders agreements to arbitrate enforceable as a matter of federal law, and a saving clause, which permits invalidation of arbitration clauses on grounds applicable to "any contract."

*Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 649–50, *reh'g denied,* 143 S. Ct. 60 (2022) (footnote omitted). Thus, "[a]rbitration is a matter of contract," *see Mey*, 971 F.3d at 288 (quoting 9 U.S.C. § 2), and "[a]greements to arbitrate are construed according to the ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2001).

Sections 3 and 4 of the FAA "provide[] two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C. § 3, and an affirmative order to engage in arbitration, § 4." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). "[A] litigant can compel arbitration under the FAA if he

5

can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction . . . to interstate or foreign commerce, and (4) the failure . . . of the [opposing party] to arbitrate the dispute.'" *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 346–47 (D. Md. 2015) (citation omitted); *see Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991) (citing *Moses H. Cone,* 460 U.S. at 25–26 & n. 34) (same). Accordingly, "when parties have entered into a valid and enforceable agreement to arbitrate their disputes and the dispute at issue falls within the scope of that agreement, the FAA requires federal courts to stay judicial proceedings, and compel arbitration in accordance with the agreement's terms." *Murray v. UFCW Int'l, Local 400*, 289 F.3d 297, 301 (4th Cir. 2002) (citing 9 U.S.C. §§ 3, 4); *see Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (providing that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.").

Section 4 of the FAA "reserves for trial the question of whether an arbitration agreement has been made, provided that a question of fact as to that issue is properly generated." *Stone v. Wells Fargo Bank, N.A.*, 361 F. Supp. 3d 539, 548 (D. Md. 2019); *see* 9 U.S.C. § 4 ("If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof."). However, "[i]n order to generate an issue for resolution by a factfinder, the party opposing arbitration must make 'an unequivocal denial that the agreement [to arbitrate] had been made,' and must produce 'some evidence . . . to substantiate the denial.'" *Id.* (quoting *Drews Distributing, Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 352 n.3 (4th Cir. 2001)). "To decide whether 'sufficient facts' support a party's denial of an agreement to arbitrate, the district court is obliged to employ a standard such as the summary judgment test." *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944

F.3d 225, 234 (4th Cir. 2019). Thus, the court may "consider materials other than the complaint and its supporting documents," and, where "the record reveals a genuine dispute of material fact," must conduct a trial on the motion to compel arbitration. *Id.* "[A] defendant who seeks to compel arbitration under the Federal Arbitration Act bears the burden of establishing the existence of a binding contract to arbitrate the dispute." *Minnieland Priv. Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 867 F.3d 449, 456 (4th Cir. 2017).

## IV. ANALYSIS

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). However, such liberal construction does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A. Arbitration

Defendant avers that the dispute at issue in this litigation is subject to the MSA's binding arbitration clause and, accordingly, moves this court to dismiss this case and compel arbitration. (ECF No. 13-1 at p.1.) Plaintiff opposes the Motion to Compel on two bases. (ECF No. 31.) First,

she asserts that Defendant waived its right to arbitrate the present case because it removed this action to this court. *Id.* Second, Plaintiff argues that the Defendant's fraudulent conduct has voided the arbitration clause. *Id.* Importantly, Plaintiff does not dispute the existence of a binding contract to arbitrate the dispute under California law, and all four elements of the *Roach* and *Whiteside* test are clearly satisfied. *See Roach*, 165 F. Supp. 3d at 346–47 and *Whiteside*, 940 F.2d at 102, *supra*. Thus, the court turns directly to Plaintiff's opposition arguments.

In her response to Defendant's motion to compel, Plaintiff argues that Defendant's decision to remove the case to federal court, and the 31-day delay in doing so, constitute a waiver of its right to arbitrate the dispute. (ECF No. 31 at p. 1.) The court finds neither argument persuasive. First, "[i]t is well-established that removing a case to federal court will not by itself constitute waiver of the right to arbitrate." *Holloman v. Consumer Portfolio Servs., Inc.*, No. RDB-23-134, 2023 WL 4027036, at *10, (D. Md. June 15, 2023) (citing *In re Mercury Constr. Co.*, 656 F.2d 933, 940 (4th Cir. 1981)). Accordingly, Plaintiff's first argument fails.

Second, Plaintiff's reliance on *Morgan v. Sundance Inc.*, 596 U.S. 411 (2024), to support her assertion that Defendant waived its right to arbitrate is not compelling. (ECF No. 31 at p. 1.) "Following *Morgan*, to waive the right to arbitration, Defendants must (1) know of an existing right to arbitration; and (2) act inconsistently with that right." *Holloman*, 2023 WL 4027036, at *9 (citing *Morgan*, 596 U.S. at 419). While *Morgan* holds that a party may waive its right to arbitration by failing to timely seek it, the facts of the present case are readily and materially distinguishable. 596 U.S. at 413. As Defendant correctly notes, *Morgan* does not address waiver in the context of removal. (ECF No. 73 at p. 4 n.2.) Moreover, in *Morgan*, the defendant waited nearly eight months after the plaintiff filed suit before moving to compel arbitration. 596 U.S. at 411. By contrast, here, Defendant filed a timely notice of removal (*see* discussion of same *supra*)

and moved to compel arbitration seven days after removal (just over one month after receiving Plaintiff's Complaint and Summons). (ECF No. 13.) Although Plaintiff may be frustrated with the pace of litigation, there is no evidence whatsoever that Defendant engaged in conduct intended to cause (or that in fact did cause) undue delay or otherwise burden her; the court is unpersuaded that enforcing the arbitration clause of the MSA would unfairly prejudice Plaintiff as she suggests. (ECF No. 31 at p. 1.)

Finally, Plaintiff argues that Defendant's "fraudulent conduct voids the arbitration clause." *Id.* at p. 2. Once again, Plaintiff is mistaken—as the Supreme Court has conclusively resolved this issue:

> *Prima Paint* and *Southland* answer the question presented here by establishing three propositions. First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts.

*Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–446 (2006). Further still, the purported fraudulent conduct that Plaintiff complains of does not relate to the underlying contract, but to Defendant's subsequent communications with her in terminating her ad revenue. (ECF No. 31 at p. 2.) Additionally, Defendant is correct that the court need not reach the underlying merits of Plaintiff's argument on this issue because they are wholly distinct from the arbitration agreement analysis. (ECF No. 73 at p. 2.)

In all, Plaintiff's arguments to challenge arbitration lack merit. For the foregoing reasons, the court will grant Defendant's Motion to Compel arbitration based on the presence of a binding arbitration clause that covers the disputes in this action.

**B. Dismissal or Stay**

Finally, the court considers Defendant's request that this matter be dismissed pursuant to the FAA. (ECF No. 13-1 at p.2.) Section 3 of the FAA reads as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The Supreme Court recently held that the structure and purpose of the FAA compel district courts to stay proceedings, rather than dismiss them, when a valid arbitration agreement applies. *Smith v. Spizzirri*, 601 U.S. 472, 476–77 (2024) (instructing that "[w]hen § 3 says that a court 'shall . . . stay' the proceeding, the court must do so."). Defendant offers no discussion of *Spizzirri* or why it would be inapplicable here.[5] Accordingly, while the court will grant the motion and compel arbitration, it will stay, and not dismiss, this action.[6]

To be clear, while the case will remain technically open, Plaintiff's claim—and any relief pending a final ruling of the arbitrator—will not be addressed by this court. The parties are advised that filings and motions that are properly for the arbiter and not this court will either be returned

---

[5] For the sake of completeness, the court notes that Plaintiff filed an opposition to the motion to dismiss at ECF No. 49, separate from her response to the Motion to Compel. It is unclear if Plaintiff's opposition is in response to the Rule 12/56 Notice, or Defendant's argument. Nevertheless, the court will not dismiss this action as discussed above.
[6] Because the court will grant the motion and refer this action to arbitration, it will deny as moot Plaintiff's various motions for relief related to what she contends is evidence in support of her claim (*e.g.*, her motions for judicial notice, motions related to Defendant's purported spoliation of evidence, motions seeking discovery, and motions for judgment relating to same). This includes her motions at ECF Nos. 9, 32, 33, 34, 46, 49, 54, 61, 62, 81, 82, and 83. (To the extent ECF No. 49 relates to a docketing error that has since been corrected, it is similarly moot.) Relatedly, as the court's order rules on the Remand Motion and Motion to Compel, Plaintiff's motions at ECF No. 74 and 76 are moot in that they seek expedited ruling and vacatur of the court's order that stayed Defendant's deadline for response until issuance of this order. Finally, to the extent Plaintiff seeks, by way of filed notices, any additional relief related to Defendant's removal, purported waiver, and actions related to discovery and defending this action, or any other arguments about the merits of this case and the discovery Plaintiff seeks, the requests will similarly be denied as moot.

or denied because, as set forth herein, the merits of this action shall be arbitrated and not ruled on by this court. To be clear, and to guide *pro se* Plaintiff Lowrance, this court will not rule on motions for any sort of relief relating to the action she has filed and which this court has referred to arbitration; and should she file papers or motions with the court seeking rulings from the court regarding any matter subject to the discretion or determination of the arbitrator, the court will not consider them.

## V.  CONCLUSION

For the reasons set forth herein, by separate order, Plaintiff's Motion to Remand (ECF No. 11) will be denied, and Defendant's Motion to Compel Arbitration and Dismiss this Action (ECF No. 13) will be granted in part and denied in part.

July 11, 2025                                                                                               /S/

                                                                                                _____
                                                                                                Julie R. Rubin
                                                                                                United States District Judge